UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| GREEN ACRES BAPTIST CHURCH, INC., GABC EARLY EDUCATION CENTER, and GABC FOUNDATION<br>  *Plaintiffs,*<br><br>v.<br><br>BROTHERHOOD MUTUAL INSURANCE COMPANY<br>  *Defendant.* | Civil Action No. 6:23-cv-566 |

## PLAINTIFFS' ORIGINAL COMPLAINT & JURY DEMAND

Plaintiffs Green Acres Baptist Church, Inc., GABC Early Education Center, and GABC Foundation (collectively "Green Acres" or "Plaintiffs") file this Original Complaint & Jury Demand against Defendant BROTHERHOOD MUTUAL INSURANCE COMPANY ("Brotherhood" or "Defendant") and would respectfully show the following:

### Parties

1. Green Acres Baptist Church, Inc. is a nonprofit corporation maintaining its principal place of business in Tyler, Texas.

2. GABC Early Education Center is a childcare program licensed with the state of Texas and maintaining its principal place of business in Tyler, Texas.

3. GABC Foundation is a nonprofit corporation maintaining its principal place of business in Tyler, Texas.

4. Upon information and belief, Brotherhood is a foreign fire and casualty company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Brotherhood regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. Upon information and belief, it is headquartered in, and maintains its

1

principal place of business in Indiana. Brotherhood may be served with process through its registered agent in Texas, **Cogency Global, Inc. 1601 Elm Street, Suite 4360, Dallas, Texas 75201**.

## Venue & Jurisdiction

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs. It has personal jurisdiction because Brotherhood's conduct and activities in Texas give rise to this case and each of Plaintiffs' claims.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred within this judicial district. Investigation, including key claim communications to Plaintiffs and from Defendant's assigned adjusters (including claim rejections, telephone calls, and other communications to Plaintiffs) occurred within this district, and properties that are the subject of this action are situated within this District.

## Factual Background

*The Property*

7. Plaintiffs own and operate the property located at 1607 Troup Hwy, Tyler, Texas 75701 in Smith County, Texas (the "Property"). The Property contains multiple buildings including, but not limited to, church buildings, family life center, youth building, dormitories, cabins, playgrounds, offices, conference center, counseling center, and gymnasium. Although some of the buildings have different street addresses, they are all located on the same campus in Tyler, Texas in Smith County.

*The Policy*

8. The Property is covered under the commercial property insurance policy issued by Brotherhood, Policy No. 42MLA0427040, for the policy periods of September 1, 2019 through September 1, 2020, (hereafter, the "Policy"). In exchange for Plaintiffs' premium payment, the Plaintiffs' Policy includes coverage for the buildings and personal property for damages caused by wind and hail. *See* Ex. A, Policy, at pages 12-27

*Plaintiffs make insurance claim for damages.*

9.  On and around April 12, 2020, a severe wind and hailstorm struck the Property causing substantial damage. Sizeable portions of the roof systems were compromised, along with interior damage and more. The following photographs taken after the storm depict some of the damages:




 

10. The Property – especially the roofs – was substantially damaged by the wind and hail. Yet as devastating as the physical damage was, Plaintiffs felt fortunate to be protected by the insurance coverage they had procured to insure the Property from precisely these types of catastrophes. Plaintiffs filed a claim with Brotherhood in July 2020, alerting them to the extensive damages. This sense of security, borne of pricey contractual relationship, would prove illusory as Defendant began their investigation and handling of the claim.

*Plaintiffs file a claim and document its damages for Defendant but Defendant unreasonably refuses to pay.*

11. Plaintiffs filed their claim when the extent of the damage to the Property became apparent in July of 2020.

12. In August of 2020 an adjuster from Brotherhood came to the property and submitted a claim estimate of approximately one million dollars.

13. In December of 2020, Plaintiffs met with HAAG, hired by Brotherhood, who attempted to persuade Plaintiffs that there was in fact only minimal damage to the Property and Plaintiffs had been overpaid.

14. Working in good faith based on Brotherhood's assertions, Plaintiffs attempted to work with a local roofer to remedy the damages to the Property. However, the local roofer quickly found after further investigation that the damage to the Property was in fact greater in scope and beyond his expertise. As a result, Plaintiffs had to start interviewing other larger firms in January of 2021 to obtain a full understanding of the scope of the damage and obtain estimates for the necessary repairs.

*Plaintiffs work hard to document their damages for Defendant but Defendant unreasonably refuses to pay.*

15. Plaintiffs engaged AVCO to assist with the repairs to the roofing system and requested an estimate from them. AVCO inspected the Property on June 8, 2021, and prepared estimates for Plaintiffs to provide to the Brotherhood totaling *5.2 million dollars in damage to the Property.*

16. Brotherhood engaged HAAG Engineering ("HAAG"). Larry Dillion from HAAG inspected the Property and prepared a scope of damages. Kean Jenner from HAAG prepared an engineering report on. Mr. Dillon and Mr. Jenner's process took several months to complete in 2021 before they concluded that there was in fact damage to the property as a result of the hailstorm, but payments were not immediately distributed to Plaintiffs. HAAG grossly undervalued this claim. Eighteen months after the claim was made to Brotherhood, Plaintiffs finally received a payment on January 10, 2022.

17. In January 2022, despite already possessing an estimate of the damage to the Property, Brotherhood reassigned the claim to Eric Johnson from Professional Claims Partners. This only served to cause further delays in resolving the claim. Mr. Johnson inspected the Property on January 21, 2022, and revised the HAAG estimate which resulted in an increase of $68,159.16 in damages.

18. Between March and November 2022. Brotherhood issued minimal payments to Plaintiff and proceeded to spread those minimal payments spread across 10 separate checks. To be clear, these minimal payments which failed to resolve the claim continued over *twenty-eight months* after Plaintiff filed their claim. These intentionally extraordinarily delayed payments are in violation of the Texas Insurance Code.

19. An email was sent on September 12, 2022, denying additional coverage. The denial omitted important facts, physical evidence, and meteorological data supporting Plaintiffs' claim that Brotherhood was fully aware of. Brotherhood instead continued to unreasonably undervalue the damages that occurred from the April 2020 hailstorm in an effort to avoid contractual responsibilities and to save the Carrier significant sums of money.

20. To this day, Brotherhood has refused to fully pay for covered damages under the Policy.

***Plaintiffs send a demand letter in compliance with Texas law***

21. On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Particularly, Section 542A.003 requires detailed, comprehensive presuit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection, and even make an offer to avoid litigation. When utilized properly, Section 542A should assist business consumers like Plaintiff to avoid protracted litigation over a clear claim.

22. In compliance with Section 542A.003, Plaintiffs gave its pre-suit notice to

Brotherhood on March 23, 2023. The pre-suit notice provided a comprehensive outline of Plaintiffs' claim and damages, quantified its loss, and even offered to waive a formal claim for attorneys' fees if the contractual amounts were paid promptly.

23. Brotherhood did not respond to the demand.

### Count 1 – Violations of Texas Insurance Code, Section 541

24. Plaintiffs re-allege and incorporate each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

25. Brotherhood failed or refused to make payments for covered damages, including without limitation, recoverable depreciation, code payments, ordinance and law payments, and other damages. This was part of a systematic plan by Brotherhood to underpay, or not pay at all, damages that it knows are covered under the Policy. Those payments remain due and owing.

26. Brotherhood failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

27. Brotherhood failed to adopt and implement reasonable standards for prompt investigation of the claim arising under its policy.

28. Brotherhood failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

29. Brotherhood refused to pay the claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

30. Brotherhood misrepresented the insurance policy under which it affords property coverage to Plaintiffs, by making an untrue statement of material fact, in violation of Texas

Insurance Code Section 541.061 (1). Brotherhood misrepresented the insurance policy to Plaintiffs, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

31. Brotherhood misrepresented the insurance policy under which it affords property coverage to Plaintiffs by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Defendant misrepresented the insurance policy to Plaintiffs by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

32. Brotherhood misrepresented the insurance policy under which it affords property coverage to Plaintiffs by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Defendant misrepresented the insurance policy to Plaintiffs by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

33. Brotherhood knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

34. For the Property, there remain outstanding amounts owed under the Policy. Brotherhood owes, but has failed to pay, those amounts.

### Count 2 – Violations of the Texas Insurance Code, Section 542

35. Plaintiffs re-allege and incorporate each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

36. Brotherhood failed to timely commence investigation of the claims or to request from Plaintiffs any additional items, statements or forms that Brotherhood reasonably believed to be required from Plaintiffs in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

37. Brotherhood delayed payment of Plaintiffs' claims in violation of Texas Insurance Code Section 542.058(a).

38. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages.

### Count 3 – Breach of Contract

39. Plaintiffs re-allege and incorporate each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

40. Brotherhood's actions and conduct, as described herein, breached the insurance contract constituting the Policy. Plaintiffs have performed, and/or Brotherhood has waived, all conditions precedent to recovery under the contract.

### Count 4 – Statutory Interest

41. Plaintiffs re-allege and incorporate each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

42. Plaintiffs make a claim for statutory interest penalties along with reasonable attorneys' fees for violations of Texas Insurance Code section 542.058 and 542.060.

### Count 5 – Breach of Duty of Good Faith & Fair Dealing

43. Plaintiffs re-allege and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

44. Brotherhood as the property coverage insurers, had a non-delegable duty to deal fairly and in good faith with Plaintiffs in the processing of the claim. Brotherhood breached this duty by refusing to properly investigate and effectively denying insurance benefits. Brotherhood further breached this duty by retaliating against the insured during the claim process by raising premiums. Brotherhood knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Brotherhood's breach of these legal duties, Plaintiffs suffered legal damages.

### Count 6 – Punitive Damages for Bad Faith

45. Plaintiffs re-allege and incorporate each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

46. Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiffs' claims for benefits. Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs.

### Count 7 – Violations of Texas Deceptive Trade Practices Act

47. Plaintiffs re-allege and incorporate each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

48. The Texas Deceptive Trade Practices Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. Defendant's violations of

the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. Defendant has also acted unconscionably, as that term is defined under the DTPA.

49. Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Plaintiffs' damages.

**Resulting Legal Damages**

50. Plaintiffs are entitled to the actual damages resulting from the Defendant's violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law. In addition, Plaintiffs are entitled to exemplary damages.

51. As a result of Defendant's acts and/or omissions, Plaintiffs have sustained damages in excess of the minimum jurisdictional limits of this Court.

52. Plaintiffs are entitled under law to the recovery of prejudgment interest at the maximum legal rate.

53. Plaintiffs are entitled under law to the recovery of post-judgment interest at the maximum legal rate.

54. Defendant's knowing violations of the Texas Insurance Code entitle Plaintiffs to the attorneys' fees, treble damages, and other penalties provided by law.

55. Plaintiffs are entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

56. As a result of Defendant's acts and/or omissions, Plaintiffs have sustained damages in excess of the jurisdictional limits of this Court.

57. Plaintiffs are entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac.

& Rem. Code §38.001 and Texas Insurance Code 542.060(a)-(c).

## PRAYER

Plaintiffs respectfully request that Plaintiffs have a judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**RAIZNER SLANIA, LLP**

/s/ *Jeffrey L. Raizner*
JEFFREY L. RAIZNER
Attorney-in-Charge
State Bar No. 00784806
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554-9098
jraizner@raiznerlaw.com

*Of Counsel*:

ANDREW P. SLANIA
State Bar No. 24056338
TODD R. WELLS
State Bar No. 24124620
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554-9098
**ATTORNEYS FOR PLAINTIFFS**

## **JURY DEMAND**

*Plaintiffs hereby demand a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

                                              /s/ *Jeffrey L. Raizner*
                                              JEFFREY L. RAIZNER