IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GREEN ACRES BAPTIST CHURCH, § | | |
| INC., GABC EARLY EDUCATION § | | |
| CENTER, AND GABC FOUNDATION § | | |
| § | | |
| vs. § | | CIVIL CASE NO. 6:23-cv-566-JDK |
| § | | |
| BROTHERHOOD MUTUAL § | | |
| INSURANCE COMPANY § | | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Brotherhood Mutual's Motion for Partial Summary Judgment (ECF 14). The presiding judge referred the motion for proposed findings of fact and recommendations for disposition in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 (ECF 23). Having considered the briefing and evidence presented, it is recommended that Defendant's motion for partial summary judgment be **DENIED**.

**BACKGROUND**

Plaintiffs Green Acres Baptist Church, Inc., GABS Early Education Center, and GABC Foundation filed this lawsuit concerning an insurance dispute. Plaintiffs own and operate property covered by a commercial property insurance policy issued by Defendant Brotherhood Mutual Insurance Company—Policy No. 42MLA0427040, for the policy period September 1, 2019 through September 1, 2020.[1] The property includes multiple buildings on one campus.[2] Plaintiffs allege that their property was struck by a severe wind and hailstorm on or around April 12, 2020,

---

[1] Plaintiffs' Original Complaint & Jury Demand, ECF 1, at *2–3.
[2] *Id*. at *2 ("The Property contains multiple buildings including, but not limited to, church buildings, family life center, youth building, dormitories, cabins, playgrounds, offices, conference center, counseling center, and gymnasium.").

1

causing substantial damage.[3] Plaintiffs submit that they discovered the extent of damage to the property in July 2020 and filed a claim with Defendant. Plaintiffs allege that Defendant failed to promptly, fully and fairly resolve their claim. Plaintiffs assert claims for violations of the Texas Insurance Code (Sections 541 and 542), breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act.

Defendant filed a Motion for Partial Summary Judgment asserting the following issues to be decided: (1) whether Defendant is entitled to partial summary judgment on Plaintiffs' claim for additional code upgrade costs because they are time-barred and were not incurred for the completed work; (2) whether Defendant is entitled to partial summary judgment on Plaintiffs' claim for damages to copper and other metal roofing and rooftop accessories because the terms of the policy preclude Plaintiffs' claim for coverage; (3) whether Defendant is entitled to partial summary judgment on Plaintiffs' claim for additional amounts at the properties on which the work is complete, because Plaintiffs' recovery is limited to the actual costs to repair or replace its damaged property, which Plaintiff admits to have been fully paid by Defendant except for the copper roofs and the Family Life Center that have not yet been repaired; and (4) whether Defendant is entitled to partial summary judgment on Defendants' claim for general contractor overhead and profit, where repairs are complete except for copper roofs and the Family Life Center, and Plaintiffs do not owe their roofer (AVCO) any additional amounts for the completed work.

Defendant retained Team One Adjusting Services, LLC, after receiving notice of the claim on September 4, 2020 for the April 12, 2020 date of loss. Team One inspected the property and completed a report on November 22, 2020, estimating a total claim replacement cost of $1,140,621.33 and an actual cash value of $925,744.58.[4] Team One identified hail dents in copper

---
[3] *Id*. at *3.
[4] Defendant Brotherhood Mutual's Motion for Partial Summary Judgment, ECF 14-11 (Exhibit 8), at *17.

and metal roofing that it determined were not visible from the ground and, therefore, did not include repairs in the estimate.[5] Plaintiffs retained AVCO Roofing, who provided an estimate on June 15, 2021 of $4,116,893.43, that did not include metal roof repairs.[6] A second estimate on August 30, 2021 totaled $5,112,247.72.[7] Defendant retained Haag Construction Consulting Co. Haag communicated with AVCO concerning needed repairs and ultimately did not reach an agreement as to the scope of repairs.[8] Haag completed an estimate on February 23, 2022, excluding code upgrades, for an actual cash value of $3,535,413.80.[9] Following an inspection on November 7 and 8, 2023, Team One again did not identify any easily visible damage to the metal roofing, such as dents, dings, or dimples.[10]

Since the filing of the motion for partial summary judgment, the parties included the following stipulations and uncontested facts in their pretrial order:[11]

1. Green Acres Baptist Church, Inc., GABC Early Education Center, and GABC Foundation are three related entities. The three entities may be collectively referred to as "Green Acres."

2. Green Acres purchased an insurance policy from Brotherhood Mutual. The Policy is identified as Policy Number 42MLA0427040 ("Policy"). The Policy's period of coverage was September 1, 2019 through September 1, 2020.

3. The Policy covered 41 distinct locations, each owned by the Plaintiffs. The locations were located primarily in Tyler, Whitehouse, and Flint, Texas.

4. On September 4, 2020, Green Acres submitted a claim for coverage under the Policy for wind and hail damage allegedly sustained as the result of a storm event reportedly occurring on April 12, 2020 ("Claim").

5. Brotherhood Mutual issued fourteen payments to Green Acres for the storm damage sustained by the Properties as a result of the storm reportedly occurring on April 12, 2020:

---

[5] *Id*. at *7-17.
[6] Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment, ECF 19-11 (Exhibit 7).
[7] *Id*., ECF 19-15 (Exhibit 11).
[8] *Id*., ECF 19-9 (Exhibit 5), at *3.
[9] Defendant Brotherhood Mutual's Motion for Partial Summary Judgment, ECF 14-9 (Exhibit 6), at *34.
[10] Defendant Brotherhood Mutual's Motion for Partial Summary Judgment, ECF 14-4 (Exhibit 3).
[11] Joint Final Pretrial Order, ECF 44-1 (Exhibit 1).

| | |
|---|---|
| December 2, 2020 | $736,852.03 |
| December 2, 2020 | $188,892.55 |
| March 10, 2021 | $584.55 |
| December 30, 2021 | $1,840,263.88 |
| December 30, 2021 | $201,262.31 |
| March 10, 2022 | $30,153.69 |
| March 31, 2022 | $50,785.68 |
| April 20, 2022 | $12,143.12 |
| May 10, 2022 | $1,904.31 |
| July 8, 2022 | $4,109.60 |
| July 28, 2022 | $2,133.77 |
| August 25, 2022 | $2,050.00 |
| September 12, 2022 | $10,789.28 |
| November 6, 2022 | $37,184.41 |
| November 23, 2022 | $68,159.16 |

The agreed payments total $3,187,268.34. Defendant asserts that the payments made represent full payment for the amounts owed to Plaintiffs pursuant to the policy.

The parties dispute the characterization of the payments that were made. Defendant contends that it "reached an approved scope of work with [Plaintiffs'] contractor, AVCO Commercial Roofing, LLC ("AVCO"), on March 8, 2022" and the only work that was not completed is to the copper roofing and the Family Life Center's Roof.[12] Plaintiffs, on the other hand, dispute that the work and payments represented an agreement on the scope of work to be completed, but rather only the subset of undisputed amounts within the full scope of necessary repairs.[13] Plaintiffs argue that Defendant delayed payment and assert that the actual cost value of the wind and hail damage is $5,772,707.89, with a replacement cost value of $6,398,864.29.[14]

---

[12] Defendant Brotherhood Mutual's Motion for Partial Summary Judgment, ECF 14, at *5 and ECF 14-9 (Exhibit 6), 14-10 (Exhibit 7), and 14-7 (Exhibit 4).
[13] Plaintiffs' Response to Defendant's Partial Motion for Summary Judgment, ECF 19, at *6 and ECF 19-5 (Exhibit 5).
[14] Id. at *4 and ECF 19-1 (Exhibit 1).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the pleadings and evidence show that "there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the burden of showing there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id.* Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Id.* When ruling on a motion for summary judgment, the Court must make all inferences from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party may meet its burden by pointing to the absence of evidence supporting any claim. *Celotex Corp.*, 477 U.S. at 325.

If the movant meets its burden, the nonmovant must go beyond the pleadings and set forth specific facts in the record sufficient to support his claim. *Anderson*, 477 U.S. at 257. The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the factors, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 585; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmovant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "The nonmovant is also required to

articulate the precise manner in which the submitted or identified evidence supports his or her claim." *Smith v. United States*, 392 F.3d 621, 625 (5th Cir. 2004).

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutl. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little*, 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace*, 80 F.3d at 1048 (citing *Little*, 37 F.3d at 1075).

An issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A material fact is one that might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248.

**APPLICABLE LAW**

Texas substantive law applies to this diversity action. *See Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010). Insurance contracts are interpreted by the same rules of construction that are applicable to other contracts. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132,

133 (Tex. 1994). Under Texas law, a plaintiff asserting the breach of an insurance contract must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)) (internal quotation marks omitted). The burden lies with the insured to prove that a loss is covered under the terms of the policy at issue. *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

## ANALYSIS

The motion for partial summary judgment seeks a finding that Plaintiffs cannot recover for additional code upgrade costs, for damages to copper and other metal roofing and rooftop accessories, or for any additional amounts on the properties where work is complete, including for general contractor overhead and profit except for copper roofs and the Family Life Center.

### A. Additional Code Upgrade Costs

Defendant argues that Plaintiffs are precluded from recovering any additional amounts for code upgrades not incurred on or before April 12, 2023. Defendant submits that the policy only covers these costs if they are incurred within two years from the date of loss. Here, that would be April 12, 2022, but Defendant's adjuster extended the deadline an additional year to April 12, 2023.[15] The relevant portion of the policy states:[16]

---

[15] Defendant Brotherhood Mutual's Motion for Partial Summary Judgment, ECF 14 at *11 and ECF 14-13 (Exhibit 10).
[16] *Id.*, ECF 14-1, at *54.

7

> **C. Increased Cost of Construction – Damaged Portion**: When the **declarations** show that this Coverage Extension applies to a building (designated on the **declarations** as ORD&LAW 3), **we** cover, up to the applicable building(s) **limit** (shown on the **declarations**), the increased cost of construction of the building necessary because of the application of an enforceable ordinance, law or code; provided the building is repaired, rebuilt or replaced:
>
> 1. within two years of the date of loss;
> 2. of same height and floor area, style and of comparable quality;
> 3. and used for the same occupancy and purpose.
>
> Under this Increased Cost of Construction extension, **we** pay no more than:
>
> a. the amount actually spent to repair, rebuild or replace the building, but not more than the amount it would cost to repair or replace the building with similar materials on the same site and used for the same purpose; or
>
> b. the **limit** shown on the **declarations** for this Coverage Extension for a building;
>
> whichever is less.
>
> Coinsurance does not apply. This is an additional amount of insurance.

Plaintiffs submit that Defendant is estopped from enforcing the two-year limitation because it caused the delay. Plaintiffs argue that the additional work has not been completed because Defendant has not paid the amount owed. In addition, Plaintiffs assert that the policy does not require that the expenses be "incurred" by the two-year deadline. Plaintiffs included summary judgment evidence showing an AVCO estimate for code upgrade expenses, dated June 8, 2021, totaling $494,860.47.[17]

---

[17] Plaintiffs' Response to Defendant's Partial Motion for Summary Judgment, ECF 19-15 (Exhibit 11), at *38.

The terms of the insurance policy are given "their ordinary and generally accepted meaning unless the policy indicates that the parties intended the language to impart a technical or different meaning." *In re Deepwater Horizon*, 470 S.W.3d 452, 464 (Tex. 2015). The policy is examined as a whole with a view towards ascertaining and giving effect to the parties' intent as expressed in the contract and harmonizing all provisions within the agreement. *Id*. Unambiguous language in an insurance policy is construed as a matter of law. *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527-28 (Tex. 2010).

Here, the policy states that increased costs for code upgrades are provided if a building is repaired, rebuilt or replaced within two years of the date of loss. There are genuine issues of material fact, however, concerning whether Defendant impeded Plaintiffs' ability to complete the repairs within that time frame. Plaintiffs submitted their claim and repair estimate that included these expenses well within the two-year time frame. When "an insurer's actions prejudice its insured, the insurer may be estopped from denying benefits that would be payable under its policy as if the risk had been covered," so long as it does not result in re-writing the policy terms. *Ulico Casualty Co. v Allied Pilots Ass'n*, 262 S.W.3d 773, 781 (Tex. 2008); *Landmark American Ins. Co.*, 619 F.Supp.3d 719, 726 (S.D.Tex. Aug. 5, 2022). Disputed fact issues preclude summary judgment.

### B. Damages for Copper or Other Metal Roofing

Defendant submits that the policy excludes coverage for damage to copper or other metal roofing unless there is a "direct physical loss," meaning the damage must meet one of the exceptions identified in the policy:

> **16. Metal Roofing and Metal Roof Top Accessories:** We do not cover loss to metal roofing or metal roof top equipment or accessories, unless there has been:

>    a. A decrease in functionality of the covered property;
>
>    b. A decrease in the useful life of the covered property; or
>
>    c. Dents, dings, or dimples to the covered property that can be seen without aid from either the ground on or near the insured premises or inside or from a balcony of the building supporting the covered property.[18]

Defendant argues that its consultants and expert witness failed to identify any dents, dings, or dimples to the covered property that can be seen without aid from the ground on or near the property or inside or from a balcony of the building supporting the covered property. Similarly, Defendant submits that its expert opined that any hail dents to the metal roofing did not impact the functionality or useful life of the covered property. Plaintiffs responded, however, with expert opinions from Thomas J. Irmiter and Mark T. Kilgore, finding that there is a reduction in the useful life of the property, and a declaration from Irmiter stating that the hail damage sustained by the metal roofs could be seen unaided from the ground or a balcony on site.[19] These conflicting expert opinions create genuine disputes concerning material facts that preclude summary judgment.

### C. Additional Amounts on Completed Work

Defendant asserts that Plaintiffs' corporate representative admitted in his deposition that the repair work has been completed, with the exception of the copper roofing and the Family Life Center, and no further sums are owed to AVCO Roofing for the repair work. In accordance with the terms of the policy, Defendant argues that Plaintiffs cannot recover beyond the amount it has actually spent to complete the repairs on the property. The relevant policy language states:

---

[18] *Id*. at *72.
[19] By Memorandum Opinion and Order issued this same date, the Court denied Defendant's motion seeking to exclude Irmiter and Kilgore's opinions.

> 8. **Replacement Cost:** When Replacement Cost (RC) is shown on the **declarations** for covered property, the value is based on replacement cost without any deduction for depreciation.
>
> This replacement cost provision does not apply to: objects of art, rarity or antiquity; property of others; or paragraphs 2-7 above.
>
> The replacement cost is limited to the cost of repair or replacement with similar materials on the same site and used for the same purpose. The payment shall not exceed the amount **you** spend to repair or replace the damaged or destroyed property.
>
> Replacement cost valuation does not apply until the damaged or destroyed property is repaired or replaced. **You** may make a claim for actual cash value before repair or replacement takes place, and later for the replacement cost if **you** notify **us** of **your** intent within 180 days after the loss.

*Id.* at *80.

Plaintiffs point to disputes that preclude summary judgment on this issue. Most importantly, there are repairs that have yet to be completed due to the ongoing coverage dispute. As previously stated, the parties dispute whether the work completed by AVCO was an agreed scope of work or simply a subset of undisputed repair amounts. Additionally, Plaintiffs assert extra-contractual claims. Genuine disputes of material fact preclude summary judgment.

### D. General Contractor Overhead and Profit

Finally, Defendant asserts that Plaintiffs are not entitled to any general contractor overhead and profit. As with its argument concerning additional costs, Defendant submits that Plaintiffs cannot recover beyond the amount already spent on completed work. Further, Defendant argues that Plaintiffs are precluded from recovering these costs on the uncompleted work to copper roofing and the Family Life Center because they are only recoverable if it is a cost that is likely to be incurred in repairing or replacing a covered cause of loss.

11

In their briefing, the parties agree that general contractor overhead and profit are included in repair or replacement costs if they are reasonably likely to be incurred in the repair or replacement of a covered loss. *5 Star Tech I, LP v. Am. Guarantee & Liab. Ins. Co.*, 2020 WL 3578328, at *4 (W.D.Tex. Apr. 28, 2020); *Tolar v. Allstate Tex. Lloyd's Co.*, 772 F.Supp.2d 825, 831 (N.D.Tex. March 22, 2011). The disagreement centers on whether the complexity of the job necessitated a general contractor to oversee the work. The parties submitted competing summary judgment evidence concerning whether the complexity of the work made it reasonably likely that the assistance of a contractor would be needed. Defendant characterizes the repairs as merely roof repairs following a hailstorm that do not typically require a general contractor. Plaintiffs' evidence is that the work across many buildings, involving different roofing materials, and requiring coordination with other specialties such as electricians and plumbers rose to the level of complexity necessitating a contractor, which was performed by AVCO.[20] The disputes concerning issues of material fact preclude summary judgment.

### E. Challenges to Summary Judgment Evidence

Plaintiffs filed a Motion to Strike Certain Evidence in Defendant's Motion for Summary Judgment (ECF 18). Plaintiffs seek to strike summary judgment exhibits 2, 2a, 3, 3b, 6, 8, and 9. Plaintiffs assert that Defendant did not timely provide its expert designations in compliance with the Amended Scheduling Order filed on July 17, 2024. In addition, Plaintiffs submit that exhibits 3b, 6, 8, and 9 are hearsay.

Plaintiffs seek to narrowly construe the scheduling order to require Defendant to disclose its experts on the date provided for the party with the burden of proof—August 17, 2024—because Plaintiffs submit that Defendant has the burden of proof to establish its policy defenses and

---

[20] See Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment, ECF 19-16, at *2.

exclusions. In this case, Plaintiffs bring claims for violations of the Texas Insurance Code (Sections 541 and 542), breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act and carry the burden of proof on those claims. Defendant has not asserted a counterclaim. Defendant timely disclosed its expert designations on September 16, 2024, as the party without the burden of proof on the asserted claims. To the extent Plaintiffs assert a hearsay objection to estimates provided without an accompanying affidavit, the Court only considers the estimates for purposes of procedural history. The motion is **DENIED**.

Similarly, Defendant filed Defendant's Objections to and Motion to Strike Declaration of Thomas J. Irmiter (ECF 20). Defendant complains that Irmiter's declaration states that hail dents to the metal roofing were visible unaided from the ground or a balcony, even though he did not make that statement in his expert report. Contrary to Defendant's characterization of Irmiter's statements, the statements express Irmiter's response to Defendant's position based on what he observed during his inspection of the property. Specifically, Irmiter states, "[a]s an initial matter, I understand that Brotherhood Mutual stated there is no evidence that the hail damage could be observed from the ground or a balcony on site. That is not true, and it conflicts with my opinions and observations of FBS inspectors at the site. The wind and hail damage at this site is substantial, and the locations where hail impacted the copper sloped roofs is easily observable from the ground when the su[n] hits these slopes, particularly in the early morning when there is dew on the roofs. It is my opinion that the hail damage sustained by the metal roofs at the inspection site could be seen unaided in certain conditions."[21] His statements represent personal knowledge based on his

---

[21] *Id.*, ECF 19-1, at *4.

personal observations with sufficient, specific factual support. FED. R. CIV. P. 56(c)(4). The motion to strike is **DENIED**.

## RECOMMENDATION

It is hereby **RECOMMENDED** that Defendant Brotherhood Mutual's Motion for Partial Summary Judgment (ECF 14) be **DENIED**.

Generally, parties have fourteen days to serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The impending trial date warrants expedited consideration. As a result, written objections shall be filed no later than January 21, 2025. Written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 10th day of January, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE