# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| GREEN ACRES BAPTIST CHURCH, INC., GABC EARLY EDUCATION CENTER, and GABC FOUNDATION, | § § § § | |
| Plaintiffs, | § | Case No. 6:23-cv-566-JDK |
| | § | |
| v. | § | |
| | § | |
| BROTHERHOOD MUTUAL INSURANCE COMPANY, | § § § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO ALTER OR AMEND

Before the Court is Plaintiffs' motion to alter or amend judgment.  Docket No. 126.  As explained below, the Court **DENIES** the motion.

Motions to reconsider final judgment are governed by Federal Rule of Civil Procedure 59(e).  Such motions "call[] into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).  Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1982), *affd.* 735 F.2d 1367 (7th Cir. 1984).  Rule 59(e) does not however, permit parties to "raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).  Nor does Rule 59(e) allow parties to "argue a case under a new legal theory." *Id.*

1

Reconsideration of a judgment after its entry "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d 473 at 479.

Plaintiffs have not satisfied the standard of a Rule 59(e) motion. *See* Docket No. 126. They do not cite any new evidence or intervening change in governing law that would alter the Court's interpretation of the insurance policy in dispute. *See id.* Instead, Plaintiffs "reiterate" that the dispute is over a "limitation of liability" rather than a dispute over "the extent of the loss." *See id.* at 2–10. The Court has already considered and rejected this argument. *See* Docket No. 120. Specifically, the Court concluded that the contract provision at issue "is *not* a limitation of liability." Docket No. 120 at 20 (emphasis added). Accordingly, the Court **DENIES** Plaintiffs' motion (Docket No. 126).

So **ORDERED** and **SIGNED** this **3rd** day of **September, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE